IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| RYAN BELL, | ) |
| | ) |
| Plaintiffs, | ) Civil No. 11-6390-HO |
| | ) |
| v. | ) ORDER |
| | ) |
| RECONTRUST COMPANY, N.A., a | ) |
| California Corporation, MORTGAGE | ) |
| ELECTRONIC REGISTRATION SYSTEMS, | ) |
| INC., and BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Ryan Bell, brings this suit seeking declaratory judgment.

Plaintiff alleges that he obtained a loan from Home123 for the purchase of a home located in Deschutes County, Oregon. Plaintiff alleges that Mortgage Electronic Registration System, Inc. (MERS) is listed as the beneficiary under the deed of trust acting solely

1 - ORDER

as a nominee for the lender.

Plaintiff asserts that he became delinquent in the payments on the note secured by the deed, due to economic conditions. As a result, a foreclosure sale occurred on October 7, 2011. Plaintiff seeks a declaration that the foreclosure was unlawful and seeks to enjoin defendants from recording a new trust deed or any other instrument resulting from the foreclosure.[1] Defendants ReconTrust, Bank of America and MERS move to dismiss.

## BACKGROUND

Based on the complaint and matters of public record properly subject to judicial notice, the following background can be discerned.

Plaintiff obtained a $240,000 loan from Home123 in October of 2006 to purchase a home located in Bend, Oregon. Plaintiff executed a promissory note and a deed of trust to secure the loan. The deed was recorded in Deschutes county identifying MERS as the beneficiary solely as the nominee for the lender, Home123.

Plaintiff agreed that if he failed to make monthly payments to Home123, Home123 or its successors or assigns could proceed with non-judicial foreclosure to recover the amount owed under the loan. The deed executed by plaintiff permits MERS and its successors and assigns to exercise any and all of the lender's interests, including the right to foreclose.

Plaintiff defaulted on the loan in December of 2009. On March

---

[1] The trust deed has been recorded. Therefore, plaintiff now seeks only a declaration holding that the foreclosure sale was not lawful.

2 - ORDER

26, 2010, MERS assigned the trust deed to Bank of America and recorded such transfer on March 26, 2010. Bank of America also recorded an appointment of successor trustee, appointing ReconTrust on March 26, 2010. ReconTrust commenced non-judicial foreclosure proceedings on that day and provided notice to plaintiff. ReconTrust rescinded the initial notice of default and election to sell on January 28, 2011, and recorded a new notice and election on June 1, 2011.

ReconTrust conducted a foreclosure sale on October 7, 2011. Federal Home Loan Mortgage Corporation (Freddie Mac) purchased the property and the sale was recorded on November 7, 2011. Plaintiff continues to live at the property, but has not made any payments toward the loan.

## DISCUSSION

Plaintiff seeks a declaratory ruling under ORS § 28.010, that the foreclosure did not comply with Oregon's Trust Deed Act (OTDA), ORS § 86.705 et seq.

Defendants maintain that plaintiff: (1) is statutorily barred from challenging the foreclosure; (2) improperly invokes an equitable remedy without doing equity by curing the default; and (3) fails to allege a justiciable controversy. Morever, defendants contend that plaintiff fails to state a claim because MERS is a proper beneficiary and the foreclosure process in this case complied with the OTDA.

The lynchpin to plaintiff's claim is that MERS is not a proper

3 - ORDER

beneficiary under the deed of trust and therefore all subsequent transfers and the resulting foreclosure were in violation of ORS § 86.735(1) and (3).[2] In essence, plaintiff asserts that MERS is not a beneficiary under the OTDA. This court has previously rejected such an argument.

The arrangement whereby MERS acts as a nominee for the lender to facilitate transfers of a loan, does not itself violate the OTDA. Under ORS 86.705(1), a "'Beneficiary' means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(1)(d)." Plaintiff contends that MERS cannot meet this definition because there is no evidence that the trust deed was made to benefit MERS. However, the trust deed specifically designates MERS as the beneficiary. As this court previously noted in <u>Burgett v. Mortgage Electronic Registration Systems, Inc.</u>, 09-6244-HO (Order dated October 19, 2010) (quoting Letter Decision in <u>Parkin Electric, Inc. v. Saftencu</u>, No. LV08040727, dated March 12, 2009):

> [T]he interest of MERS, and those for whom it was a nominee, in question here was recorded and known to Plaintiff when it received the litigation guarantee document prior to starting this action.
> The Statutes do not prohibit liens to be recorded in the deed of records of counties under an agreement where an agent will appear as a lienholder for the benefit of the initial lender and subsequent assignees of that

---

[2] It should be noted that this is not a case in which the note, secured by the deed of trust, has been transferred to other entities without recording of such transfers in beneficial interest prior to foreclosure.

4 - ORDER

lender...

Since <u>Burgett</u>, a number of cases in Oregon have similarly concluded that MERS may act as the beneficiary under a deed of trust. <u>See, e.g.,</u> <u>Stolz v. OneWest Bank</u>, 2012 WL 135424 at *12 (D.Or. January 13, 2012) (the majority of Oregon trial courts have concluded that because MERS is named in the trust deed as the beneficiary, it is a beneficiary under Oregon's statutory definition). Plaintiff executed the deed of trust knowing that MERS was the beneficiary acting solely as the nominee for the lender. MERS is a proper beneficiary under the deed in this case.

> The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated; and
>
> (2) There is a default by the grantor or other person owing an obligation, the performance of which is secured by the trust deed, or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and
>
> (3) The trustee or beneficiary has filed for record in the county clerk's office in each county where the trust property, or some part of it, is situated, a notice of default containing the information required by ORS 86.745 and containing the trustee's or beneficiary's election to sell the property to satisfy the obligation; and
>
> (4) No action has been instituted to recover the debt or any part of it then remaining secured by the trust deed, or, if such action has been instituted, the action has been dismissed....

ORS § 86.735.

5 - ORDER

In this case, all transfers of the trust deed have been recorded. Accordingly, there is no violation of ORS § 86.735(1). Additionally, because MERS was the proper beneficiary under the deed of trust and that interest was transferred and recorded ultimately to ReconTrust who filed the appropriate notice of default and election to sell, there is no violation of ORS § 86.735(3). As such, plaintiff fails to plead a claim for relief based on violation of the OTDA and the complaint is dismissed.[3]

In addition, the trustee's sale of the property forecloses and terminates plaintiff's interest in the property because he received the required notice. See ORS § 86.770(1):

> If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not

---

[3]Plaintiff also offers a tortured argument that if MERS is the beneficiary, then the lender cannot be the beneficiary and thus there is no obligation to pay the note secured by the deed of trust or, at a minimum, once the deed is transferred to another lender, MERS' powers as an agent to the benefits of the note have been exceeded. MERS can serve as the nominee for the lender and the deed, executed by plaintiff, specifically contemplates transfers in the interests of both the lender and the nominal beneficiary. It is appropriate for a party to hold legal title in property while another party holds an equitable and beneficial interest. See Klamath Irrigation Dist v. U.S., 348 Or. 15, 43 (Or.App. 2010). Plaintiff also objects to the use of the same agent signing the documents on behalf of MERS, Bank Of America and ReconTrust, but provides no authority demonstrating this violates the OTDA. Finally, plaintiff takes issue with the timing of the assignments and the recording of those assignments. However, as required by the statute, all assignments were recorded before the notice of default was executed.

6 - ORDER

affect the validity of the sale as to persons that were notified.

Moreover, plaintiff, in essence, seeks an equitable remedy, i.e., the unwinding of the non-judicial foreclosure sale, but provides no indication that he is prepared to cure his default. As this court previously noted:

> Plaintiffs have not complained that they were not properly served with the Notice on the subject property. Nor do plaintiffs deny that they are in default on their loans or offer anything to indicate that they were able to tender the debt in order to disrupt the non-judicial foreclosure. Thus while a mortgage is said to carry with it an equity of redemption, that right exists only until the foreclosure sale and only if the mortgagor reimburses the mortgagee and cures the default. Blacks Law Dictionary, 561 (7th Ed.1999).

Hogan v. NW Trust Services, Inc., 2010 WL 1872945 at *5 (D.Or. May 7, 2010).

The lack of ability to cure the default similarly demonstrates a lack of a justiciable controversy. The foreclosure was not caused by any wrongdoing on the part of defendants (nor is there even any appropriate statement of claim of violation of the OTDA with respect to the non-judicial foreclosure), but by plaintiff's failure to make loan payments as they came due starting in December of 2009. Even assuming the foreclosure in this case was somehow wrongful, plaintiff would still be subject to foreclosure (even if via a judicial route) and still would be unable to cure his default and avoid a sale through foreclosure.

For the multitude of reasons noted above, the motion to dismiss is granted with prejudice.

7 - ORDER

## CONCLUSION

Defendants' requests for judicial notice (#s 8 and 21) are granted and, for the reasons stated above, defendants' motion to dismiss (#6) is granted and this case is dismissed.

DATED this 29th day of February, 2012.

_____
United States District Judge

8 - ORDER